John ZAVODNY
v.
The UNITED STATES.
No. 254–52.

United States Court of Claims.
July 12, 1957.

Samuel T. Ansell, Jr:, Washington, D. C., for plaintiff.

Frances L. Nunn, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff, a resident of Chicago, Ill., and a citizen of the United States, was born in the Slovakian area of Czechoslovakia. About 1930 he received from a brother in Czechoslovakia a photograph of his birthplace. He had the picture enlarged and framed. The interest which his friends of Czechoslovakian origin showed in the picture gave him the idea that if he had similar pictures he could sell them at a profit. After extended negotiations with the Czechoslovakian Government, he obtained, in 1939, 38 negatives of aerial photographs showing towns and villages in one area of Slovakia. He paid a substantial sum for the negatives.

The plaintiff had enlarged photographs made from the negatives, by a commercial photographer. He succeeded in selling a good many pictures made from about 25 of the negatives, and during the years 1939–1942 made a substantial amount of money from the sales. We are not able to determine, except by rough approximation, how much money he made.

The United States Office of Strategic Services learned that the plaintiff had the negatives and in October 1942 inquired of him whether it could get the negatives and for what price. The plaintiff turned the negatives over to the OSS without charge, but under an agreement that the negatives would be re-

turned to him, presumably when they had served the purpose for which the OSS obtained them.

In August of 1946 the plaintiff requested the return of the negatives. Upon investigation, it was found that they had been lost by the OSS. The plaintiff then requested compensation. The OSS in 1947 found a set of 38 prints of aerial views of places in the same area of Slovakia to which the plaintiff's negatives related. Whether these prints had been made from the plaintiff's negatives we do not know. The Government offered to have negatives made from these prints, if the plaintiff would accept those negatives in full satisfaction of his claim for the loss of his negatives. The plaintiff asked that the new negatives be made and sent to him for examination. He rejected them without examination, but for the stated reason that prints made from them were not clear. In 1951 the Government offered to pay the plaintiff some $86 for certain prints which he had furnished the OSS in 1942 at the time he turned over the negatives, but this offer was conditioned upon his accepting the $86 in full satisfaction of his claim.

The plaintiff has sued for $7,600 which he says was the value of his negatives. He is entitled to recover their value. The transaction was a bailment for the benefit of the bailee, with an express agreement for the return to the bailor of the subject of the bailment. The duty created by the express agreement coincided with the duty which the law would have imposed, had there been no express agreement. The measure of damages for the failure to return the prints is their fair value.

The principal disagreement in the case has been with regard to the value of the prints. There was no general market value for them, of course. But they were a source of potential income to the plaintiff. We find this from his ability to sell his pictures before he turned his prints over to the OSS and from the fact of the considerable population of Slovakian origin in Chicago and other American cities. The evidence as to how many pictures he sold in the 1939–1942 period, how much he got for them, and what profit he made, is by no means satisfactory. But it was the defendant, the Government, which lost the plaintiff's property, and he should not forfeit his claim because he did not make, and preserve, accurate records of his small transactions. Our best estimate is that he could have reasonably hoped to make a profit of $2,000 from the sale of his pictures, if the prints had been returned to him as agreed. The plaintiff may have a judgment for that amount, plus $86.00 for the prints referred to above.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.